IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROYCE PRIVETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-300-WKW |
| ) | |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is plaintiff Royce Privett's ("Privett" and sometimes referred to as "plaintiff") Motion of Three Judge District Court (Doc. # 1). For the reasons that follow, plaintiff's motion is due to be DENIED.

On April 5, 2007, Marshall Cois Knop and Royce Privett, both incarcerated individuals, filed this instant motion concurrently with their Complaint for Injunction and Declaratory Relief (Doc. # 1). Privett and Knop argue that the Alabama Supreme Court's recent decision in *Ex parte Seymour*, 946 So2d 536 (Ala. 2006), violates their Fifth and Fourteenth Amendment rights, and they ask for an injunction "enjoining the State of Alabama form[sic] application of said decision to any case or crime committed prior to June 30, 2006." (Compl. 2.) As a basis for the motion for a three judge panel, the plaintiffs aver that their "complaint involves a judicial construction of state law, which implicates an implied repeal of Federal Constitutional rights are [sic] such an act required to be heard by a district court of three judges under Article III of the U.S. Constitution." (Compl. 5.) On April 10, 2007, the magistrate judge ordered that the plaintiffs' claims be severed pursuant to the Prison Litigation Reform Act of 1996.

Prior to 1976, Title 28, Section 2281 of the United States Code provided that

> [a]n interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

28. U.S.C. 2281. However, Congress repealed Section 2281 on August 12, 1976. Congress amended Title 28, Section 2284 of the United States Code to reflect the present-day jurisdiction of a three court panel.

Section 2284 states that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284. "The mention of when otherwise required by Act of Congress refers principally to certain provisions of the Civil Rights Act of 1964 and the Voting Rights Act of 1965 that require or permit a three-judge court." 20 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 52 (2d ed. 2007).

Plaintiff cites to the case of *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132 (1969), as authority for his motion for a three judge panel. However, *Florida Lime v. Paul* does not provide any analysis of the applicability of Section 2281. The opinion does cite to an appeal taken by the Supreme Court in *Florida Lime & Avocado Growers, Inc. v. Jacobsen*, 362 U.S. 73 (1960), related to the interpretation of Title 28, Section 2281 of the United States Code. Notwithstanding the opinion upon which plaintiff relies, his reliance is misplaced. With Congress' repeal of Section 2281 in 1976, the *Florida Lime* case was implicitly overruled. Further, the present requirement for

a three judge panel is only when the panel is "required by Acts of Congress" or the complaint "challeng[es] the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284.

Plaintiff's complaint attacks the constitutional validity of a decision by the Alabama Supreme Court related to subject matter jurisdiction of an Alabama circuit court when presented with a defective indictment. Plaintiff's challenge does not fall within the umbrella of Section 2284 so as allow him to be entitled to a three judge panel on this issue. Because plaintiff cannot establish that Section 2284 applies to his claim, his motion for a three judge panel is DENIED.

Done this 1st day of May, 2007

      /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE