IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROYCE PRIVETT, #181 935          *

    Plaintiff,                             *

    v.                                          *      2:07-CV-300-WKW
                                                       (WO)
STATE OF ALABAMA, *et al*.,      *

    Defendants.                         *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Royce Privett ["Privett"], brings this cause of action pursuant to "28 U.S.C. § 2281 and § 255.5 and 266 of the Judicial Code, 36, Statute 1162, and 28 U.S.C. § 2201, 2202, and Rule 57 of the *Federal Rules of Civil Procedure*." [1] He requests a declaration by

---

[1] 28 U.S.C. § 2281 provided that "an interlocutory or permanent injunction restraining the enforcement, operation or execution of a State statute on grounds of unconstitutionality should not be granted unless the application has been heard and determined by a three-judge district court." This section was repealed by Pub.L. 94-381, § 1, Aug. 12, 1976.

28 U.S.C. § 2201 known as the Declaratory Judgment Act, provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...."

28 U.S.C. § 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

Rule 57, F.R.Civ.P., governs the procedures for obtaining a declaratory judgment under 28 U.S.C. § 2201.

28 U.S.C. § 255 of the Judicial Code concerns whether cases before the Court of International Trade should be assigned to a three-judge panel.

The court was unable to locate any legal reference to "§ 266 of the Judicial Code, 36, Statute 1162."

this court that the Alabama Supreme Court's decision in *Ex Parte Seymour*, 946 So.2d 536 (Ala. 2006), violates the Fifth and Fourteenth Amendment of the Constitution and seeks an injunction prohibiting the State of Alabama from applying the holding in *Ex Parte Seymour* to any case or crime committed prior to June 30, 2006.

## I.  BACKGROUND

Privett is an inmate under the custody of the Alabama Department Corrections who is serving a life sentence at the South Louisiana Correctional Center located in Basile, Louisiana.[2] Privett brings this action against the State of Alabama, the Alabama Supreme Court, and Troy King, the Attorney General for the State of Alabama, asking this court to declare that the decision in *Ex Parte Seymour*, *supra*, violates the United States Constitution. Privett further seeks an injunction prohibiting the State of Alabama from enforcing the *Seymour* decision, and particularly, prohibiting its application to any case or crime committed prior to June 30, 2006. In *Seymour*, the Alabama Surpreme Court overruled a line of Alabama cases that recognized an indictment as the circuit court's source of jurisdiction in a criminal case, holding that "a defect in the indictment could not divest the circuit court of its power to hear the case." *Seymour,* 946 So.2d at 538 (overruling *Ex parte Lewis,* 811 So.2d 485 (Ala.2001), and *Ash v. State,* 843 so.2d 213 (Ala .2002)).  Under the holding in *Seymour,* a defect in a criminal indictment no longer deprives the trial court of jurisdiction, as it did under the common law, but instead is a nonjurisdictional error that may be waived.

---

[2]On May 4, 1994 Privett was convicted in the Circuit Court for Blount County, Alabama, of sodomy, rape, and three counts of sexual contact.  The trial court sentenced Privett to life imprisonment on his convictions for first degree sodomy and first degree rape.  He received a ten year term of imprisonment on his conviction(s) for first degree sexual abuse.  *See Privett v. Hooks*, Civil Action No. 2:99-383-ELN-PWG (N.D. Ala. 2000).

*Id* at 539. Thus, the validity of a criminal defendant's indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of a criminal case and, therefore, a defendant who challenges a defective indictment is subject to the same preclusive bars as one who challenges any other nonjurisdictional error. *Id*.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[3]

## II. DISCUSSION

Jurisdiction in a declaratory judgment action exists only if there is a case or controversy. 28 U.S.C. § 2201(a). Article III's "case or controversy requirement has been defined as one that is "real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. V. Haworth*, 300 U.S. 227, 241 (1937). Thus, the "actual controversy" requirement "imposes what the Supreme Court has described as the 'irreducible constitutional minimum of standing," injury-in-fact, causation, and redressability. To establish Article III standing, a plaintiff must therefore allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be addressed by the requested relief." *Baur v. Beneman*, 352 F.3d 625, 631-32 (2nd Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *see also Schlesinger v. Reservists Committee to Stop*

---

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*the War*, 418 U.S. 208, 218-19 (1974).  Where "the remedy sought is a mere declaration of law without implication for practical enforcement upon the parties," such relief does not by itself establish a case or controversy necessary to bestow subject matter jurisdiction.  *S. Jackson & Son, Inc., v. Coffee, Sugar, & Cocoa Exch., Inc.*, 24 F.3d 427, 431 (2nd Cir. 1994) (citation omitted).

      Here, the court concludes that the law bars use of the Declaratory Judgement Act for the purpose set forth by Privett. There is no indication that an actual controversy exists in this case.  A declaration by this court that the decision in *Ex Parte Seymour* is unconstitutional "would not resolve the entire case or controversy as to an [party] . . . , but would merely determine a collateral legal issue governing certain aspects of . . . pending or future suits." *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998);  *see also Coffman v. Breeze Corp.,* 323 U.S. 316 (1945) (where petitioner seeks declaratory judgment as to the validity of a defense which may be litigated in a habeas corpus proceeding, no justiciable question exists to confer jurisdiction under 28 U.S.C. § 2201);  *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 245-246 (1952).  As noted in *Calderon*,

> The disruptive effects of an action [for declaratory judgment] are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding.  For we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973). As that opinion pointed out, this means that a state prisoner is required to exhaust state remedies before bringing his claim to a federal court.  *Id.*, at 489-491, 93 S.Ct., at 1836- 1837.  But if [the petitioner] is allowed to maintain the present action, he would obtain a declaration [on an issue which must be brought] in a federal habeas action without ever having shown that he has exhausted state remedies.

523 U.S. at 747-748.

In light of the foregoing, the court "conclude[s] that this action for a declaratory judgment and injunctive relief is not a justiciable case within the meaning of Article III." 523 U.S. at 749. Thus, the court has no subject matter jurisdiction over this matter and it is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

It is further

ORDERED that on or before **May 13, 2007** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down

prior to the close of business on September 30, 1981.

    DONE, this 1st day of May, 2007.


                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        UNITED STATES MAGISTRATE JUDGE