IN THE UNTIED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

CIVIL ACTION NO. 2:07- CV-300-WKW
(WO)

ROYCE PRIVETT,
PLAINTIFF'S

VS.

STATE OF ALABAMA,
DEFENDANTS.

# OBJECTION TO THE MAGISTRATES RECOMMENDATION

Comes now the plaintiffs, **ROYCE PRIVETT**, Pro Se, in the above styled cause, and files his objection to the magistrates recommendations, and the plaintiff shows the following in support thereof:

**1.** The magistrate incorrectly recommends that the complaint should be dismissed prior to service, however, the plaintiff contends that it would be a total abuse of discretion for this court to adopt that finding.. See, **Bridges v. Russell**, 757 F. 2d 1125 (11th Cir. 1985). See also **Albert THOMAS v. EVANS**, 880 F2d 1235, No. 87-8534, August 21, 1989

> As we have frequently stated, we recognize that the flood of pro se prisoner cases presents a significant problem for the district courts. We are aware of the need to deal with these cases efficiently. On the other hand, prisoner petitions must be given an adequate initial examination and must not be dismissed unless the record supports such a sanction. Covington v. Cole, 528 F.2d 1365 (5th Cir. 1976), reh'g denied, 533 F.2d 1135. Hasty dismissal of prisoner cases only adds to the burden on the courts by increasing the amount of judicial resources spent at both the appellate and the trial level.

2. The magistrate incorrectly recommends that no Article III case or controversy exist because, (1). A declaration by this court would not resolve the entire case or controversy but would determines a collateral legal issue governing aspects of pendency of future suits, and that habeas corpus proceedings in this case would allow for the litigation of this claim, however, the plaintiff contends that "Wherever the Federal Court Sits, Human Rights under the Federal Constitution are always a proper subject for adjudication, and we have not the right to decline jurisdiction simply because the rights asserted may be a adjudicated in some other forum". see **Robb v. Connolly**, 111 U.S. 624, and, **Singleton v. Mitchell**, 60 F. Supp 515. The plaintiff has asserted rights in his complaint that are protected by the 5th and 14th amendment of the U.S. Constitution, which are facing, imminent harm, and "the absence of pending prosecution does not preclude a declaratory judgment action. See Acevedo **Montalvo v. Hernandez Colon**, 440 F. Supp 238 (1977). See also, **Lynch v. Household Finance Corp**., 31 Led 2d 424, 92 S. Ct. 1113, 405 U.S. 538 (1972).

3. The magistrate has erroneously concluded that this court does not have subject-matter jurisdiction, however, the plaintiff contends in determining subject-matter jurisdiction "This court must consider the allegations of the complaint as True". see **Williamson v. Tucker**, 645 F. 2d 404, (5th Cir. 1981) quoting **Bell v. Hood**, 327 U.S. 678, 66 S. Ct. 733, 90 Led 2d 939 (1935) "If when the basis of jurisdiction is also an element of the plaintiff's cause of action, the **Williamson** court quoted from **Bell v. Hood** in support of the proposition the supreme court has stressed a strict standard for dismissal for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. In **Bell**, the Supreme court stressed the difference between dismissal for lack of subject-matter jurisdiction and failure to state a claim for which relief may be granted. The plaintiff's had sued the F.B.I. For money damages basing jurisdiction on federal questions arising under the fourth and fifth amendments, the court held that the federal jurisdiction

did exist despite the possibility that recovery would not be available under federal law. If federal law would not permit relief, the dismissal should be based on 12(b)(6) not 12(b)(1). The court recognized a narrow exception to its holding, dismissal may be proper where the alleged claim under the constitution itself or a federal statute clearly appears to be immaterial, or where a claims is wholly insubstantial and frivolous, in the present case, the question of subject-matter jurisdiction is not only a question of fact, but is also is intimately related to the substantive merits of the plaintiffs' claims, therefore, the jurisdiction depends upon the applicability of the statutorily defined terms, subdivisions and common promotional plan, to facts yet developed, the heart of the dispute between the parties is whether or not dorchester condominiums with § 1702 of the act, if it does have subject-matter jurisdiction". In the present case, the heart of the dispute is whether or not the defendant's owe the plaintiff a duty under 5th and the 14th amendment to a valid indictment that contains all the elements of purposed offence and whether they owe the plaintiff a duty under the 14th amendment to due process and to be treated equally under the laws of the state, and whether the defendants owe the plaintiff a duty under Article 1, § 10, Cl. 1 of the U. S. Constitution, not to subject the plaintiff to a new law applied retroactively to deprive the plaintiff of a remedy that was available at the commission of the offence, where if applied it would alter the rules of evidence by allowing a conviction to stand based on less than the required proof of the statutory elements of the offence of which he was convicted, if the answer is yes, to any of the above questions of duty, then this court has subject-matter jurisdiction in this case.

## CONCLUSION

Because of the supremacy clause, this court has a duty to declare Ex Parte Seymour unconstitutional, especially if applied retroactively to deprive the plaintiff of a remedy that was available at the commission of the offence; and under the 5th and 14th amendments as well, and based on the foregoing cited decisions the fact that a pending or future suit is available or the presence or absence of some other forum, is no bar to the complaint and requested relief, and the imminent injury is sufficient to establish a case within the declaratory judgment act, and therefore, the magistrates recommendation must fail and it would be total abuse of discretion of this court to accept the recommendation of the magistrate without qualification of the case.

_____
**ROYCE PRIVETT**

## PRAYER

Wherefore, plaintiff prays this court to deny the magistrates recommendations of dismissal with prejudice prior to service, and to provide service of process on the defendant's and to set this case for a trial by jury in this cause.

_____
**ROYCE PRIVETT**

4

## CERTIFICATE OF SERVICE

We hereby certify that we have served a true and correct copy of the foregoing upon the defendants by placing the same in the prison mailbox, U.S. mail, first class, postage pre-paid and addressed to Alabama supreme court, 300 Dexter Ave. Montgomery, Alabama, 36104, and attorney general of Alabama, 11 south union street, Montgomery, Alabama 36130, on this 30th day of April, 2007.

Done this 7th day of May, 2007

*Royce Privett*
ROYCE PRIVETT AIS 181935
Wolf 4, Bed 10
South Louisiana Correctional Center,
3843 Stagg Ave.
Basile La. 70515

*Served upon:*

Alabama Supreme Court
300 Dexter Ave.
Montgomery, Alabama, 36104

Attorney General of Alabama
11 south union street
Montgomery, Alabama 36130



LAFAYETTE LA 705

United States District Court

P.O. Box 711

Montgomery, AL 36101-0711

Royce Privett - A181935
B-cat- 4-11
S.L.C.C- 3843 Stagg Ave
Basile, LA 70515